People of the State of Illinois ex rel. Richard C. Betts, Jr., Appellant, v. The Village of Maywood et al., Appellees.

Gen. No. 40,200.

Opinion filed
December 30, 1938.

PAUL W. BRUST and A. H. D'ANZA, both of Melrose Park, for appellant.

DAVID B. TROTT, for appellees.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse the judgment of the trial court which dismissed the petition for mandamus filed by plaintiff, Richard C. Betts, Jr., to compel defendants to restore him to the position of fireman, theretofore held by him on the fire department of the village of Maywood, and to pay his salary from the date of his alleged wrongful discharge from said position.

Pursuant to the provisions of Rule 23 of the Rules of Practice of this court, this cause is brought here for review upon the following certification of questions of law and agreed statement of facts:

"1. The Village of Maywood is a Municipal Corporation organized and existing under the Laws of the State of Illinois, situated in the County of Cook and State of Illinois.

"2. Said Village of Maywood has a duly constituted Fire and Police Department organized according to the laws and statutes of the State of Illinois, and the ordinances of the Village of Maywood.

"3. That the Village of Maywood has a Board of Fire and Police Commissioners duly and lawfully organized by virtue of an act of the Legislature of the State of Illinois, entitled: 'An Act to provide for the appointment of a Board of Fire and Police Commissioners, etc.,' approved and in force April 2, 1903, as amended by act approved March 15, 1933.

"4. That said Board of Fire and Police Commissioners passed certain rules which they contend are in conformity with the act above mentioned, and Section 106 of the rules provides as follows:

" 'All appointments to the Fire Department will be upon probation. If during the first six months of actual service, the person appointed proves in the opinion of the Fire Marshal or Fire and Police Board unfit for the position, he will be dropped from the service.'

"5. That the Board of Fire and Police Commissioners, in conformity with said act, held or caused to be held examinations from time to time for the purpose of making a register of persons as candidates to the position of policemen and firemen in the Village of Maywood.

"6. Richard C. Betts, Jr., is a citizen of the United States and a resident of the Village of Maywood, County of Cook and State of Illinois.

"7. The said Richard C. Betts, Jr., took the examination given by said Board on or about June, 1934, and his name was placed third on the register of standing of persons who had taken the examination given by the Board of Fire and Police Commissioners of the Village of Maywood, and said register or list was not prior to November 1, 1936, canceled or superseded by

any new or subsequent register or list and remained the list from which all eligibles were certified by said commissioners to serve either upon the Fire or Police Force of the Village of Maywood from June, 1934, until November 1, 1936.

"8. The said Richard C. Betts, Jr., was on June 15, 1936, number one on the list of men eligible for appointment to the Fire Department of the Village of Maywood and he was on said date certified by said Board to report for duty as a fireman on the Fire Department of the Village of Maywood.

"9. That Richard C. Betts, Jr., was appointed temporarily for a period of ninety days from June 15, 1936, to September 15, 1936, and during said period he was to take the place of other firemen who were absent from their duties during the summer vacation.

"10. On September 16, 1936, Richard C. Betts, Jr., was notified over the telephone by Fire Marshal Eugene D. Humphreville that because of his general incompetency in performing his duties as fireman, said Fire Marshal, under rule 106, considered Richard C. Betts, Jr., unfit as a permanent member of the said Fire Department of said Village.

"11. Richard C. Betts, Jr., made numerous requests that he be re-employed as a fireman and requested a hearing from the Board of Fire and Police Commissioners. Said requests were refused and on December 12, 1936, he received the following letter:

" 'December 12, 1936

" 'Mr. Richard C. Betts,
200 S. 7th Ave.,
Maywood, Ill.

" 'Dear Sir:

" 'In reply to your letter of November 6th, the Board of Fire and Police Commissioners of the Village of Maywood, find that you were discharged from service under Section 106 of the Rules and Regula-

tions of the Fire Department of the Village of Maywood, Illinois.

" 'This Board still upholds the action of the Fire Marshal.

" 'Respectfully yours,
Elmer G. Locke,
· " 'EGL:BG                                                Secretary.'

"Again on January 27, 1937, a letter was sent him from the Board which is as follows:

" 'BOARD OF FIRE AND POLICE COMMISSIONERS
" 'Village of Maywood, Illinois
" 'January 27, 1937

" 'Mr. Richard C. Betts,
200 S. 7th Ave.,
Maywood, Illinois.

" 'Dear Sir:

" 'This Board has received a letter from the honorable C. O. Krauser, President of the Village of Maywood, requesting that you be given a rehearing on your dismissal case.

" 'You are hereby notified to appear before this Board on February 9, 1937 at 8 P. M. in the office of Mr. Max Bertsch, second floor in the garage building of the American Can Company, located on 7th Avenue and St. Charles Road in the Village of Maywood.

" 'Very truly yours,
(Signed)    Elmer G. Locke,
Elmer G. Locke, Secretary
Board of Fire and Police
Commissioners.'

"On February 9, 1937, he appeared before said Board in compliance with the letter of January 27, 1937, and an informal hearing was had of the case.

"12. After the discharge of the said Richard C. Betts, Jr., the Board appointed Harold Wickman, who followed Richard C. Betts, Jr., on the register or list eligible for position of firemen on the Fire Department of the Village of Maywood.

"13. The Board of Fire and Police Commissioners gave Richard C. Betts, Jr., an informal hearing, but did not permit him to put in any defense or present any evidence. The Commissioners merely stated that he was discharged in accordance with Section 106 heretofore mentioned for incompetency and inefficiency.

"14. Richard C. Betts, Jr., has requested repeatedly that he be reinstated either as a fireman or that he be placed on the register or list of the Board of Fire and Police Commissioners of men eligible for the Fire Department of the Village of Maywood. This the Board has refused to do.

"15. The questions of law certified to the Appellate Court are:

"1. Did the Board of Fire and Police Commissioners of the Village of Maywood have the power under the act under which they were organized to pass the following rule which is Section 106 and is in words and figures as follows:

" 'All appointments to the Fire Department will be upon probation. If during the first six months of actual service, the person appointed proves in the opinion of the Fire Marshal or Fire and Police Board unfit for the position, he will be dropped from the service.'

"2. Did the Board of Fire and Police Commissioners of the Village of Maywood exceed the authority given them in the act under which they were organized in making a temporary appointment of Richard C. Betts, Jr., for ninety days?

"3. Was said appointment a permanent appointment?

"4. If the appointment was not permanent then did the rule which is section 106, even if valid, apply to such a temporary appointment, or would he first have to be permanently appointed before the probation period began to run?

"5. Was Richard C. Betts, Jr., unlawfully discharged and should he have been given a hearing by said Board of Fire and Police Commissioners of the Village of Maywood?

"6. Should his name be replaced on the register list?

"Respectfully submitted,
Paul W. Brust
A. H. D'Anza
Attorneys for Plaintiff
David B. Trott
Attorney for Defendant"

Plaintiff contends that "the trial court erred in dismissing the petition for mandamus and that he could only be removed or discharged for cause and that the said Board of Fire and Police Commissioners have no power, expressed or implied, under the act to make probationary appointments or rules governing same"; that "his appointment at the end of the 60 days became permanent, if it was not a permanent appointment in the first instance, and that the Fire Marshal had no right or power to summarily discharge him"; and that the "power to discharge him was solely in the Board of Fire and Police Commissioners and said Board before they could exercise said powers of discharge were compelled to give the petitioner an opportunity to be heard in his own defense after written charges had been filed against him."

To sustain the judgment of the trial court it is contended by defendants that "the provisions of Rule 106 were within the rule making power of the Board of Fire and Police Commissioners"; that "the appointment of Betts was probationary only"; that "Betts was never in the classified service"; that "under Rule 106 of the Board, Betts might be dropped from the service during the probationary period of actual service for cause specified in the rule without the investigation or

hearing provided for in Section 12 of the Act"; that "the action of the Board in affirmance of the Act of the Fire Marshal was sufficient to end the rights of Betts to a position in the classified service"; that "the provisions of Section 11 of said Act as to temporary appointments to the service for a period not exceeding sixty days has no application to the facts of this case"; and that "the acts of the Fire Marshal and Board of Commissioners were not void and the acts complained of were within the discretion of these officials."

In order to establish a merit system for members of the Fire and Police Departments in cities, villages and incorporated towns of a population of not less than 7,000 and not more than 200,000 "an act to provide for the appointment of a board of fire and police commissioners" was enacted in 1903. (Chapter 24, pars. 958–977, Ill. State Bar Stats. 1935 [Jones Ill. Stats. Ann. 21.711–21.730].) The following sections of such act as amended are pertinent to this proceeding:

"Section 4 (Par. 961). Such board of fire and police commissioners shall appoint all officers and members of the fire and police department of such city, [village] or incorporated towns. *Provided,* that all appointments to such department other than that of the lowest rank, shall be from the rank next below that to which the appointment shall be made. This Act shall not include volunteer fire departments.

"Section 5 (Par. 962). Such board of commissioners shall make rules to carry out the purpose of this act, and for appointments and removals in accordance with its provisions, and the board may, from time to time, make changes in such rules.

". . .

"Section 11 (Par. 968). Said board may in order to prevent a stoppage of public business, to meet extraordinary exigencies, or to prevent material impairment

of the police or fire department, make temporary appointment, to remain in force until regular appointments may be made under the provisions of this act, and not in any event to exceed sixty days.

"Section 12 (Par. 969). No officer or member of the fire or police department of any such city, [village] or incorporated town . . . shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. Such charges shall be investigated by such board of fire and police commissioners, and in case such officer or member be found guilty, such board may remove or discharge him, or may suspend him not exceeding ten days without pay."

The act being applicable to the village of Maywood, under its terms members of a board of fire and police commissioners were duly appointed and said board having been lawfully organized adopted rules "to carry out the purpose of this act" pursuant to section 5, heretofore set forth, among which was the following:

"Rule 106. All appointments to the Fire Department will be upon probation. If during the first six months of actual service, the person appointed proves in the opinion of the Fire Marshal or Fire and Police Board unfit for the position, he will be dropped from the service."

Of the questions of law certified by the trial court the one considered most vital by the parties is that which concerns the authority of the board of fire and police commissioners (sometimes hereinafter referred to as the board) to adopt this rule.

In our opinion there is no merit in plaintiff's contention that Rule 106 is void for want of authority of the Board under the act to adopt same. While such authority is not granted in express terms, it can readily be implied from the rule making power granted under

section 5 of the statute ''to carry out the purposes of this act, and for appointments and removals in accordance with its provisions.''

Section 10 of the Civil Service Act (ch. 24, par. 694, Ill. State Bar Stats. 1935 [Jones Ill. Stats. Ann. 23.049]) establishing and regulating a merit system for cities, which was enacted in 1895, contained the following, among other provisions:

''Appointments to classified service. The *head of the department or office* in which a position classified under this Act is to be filled *shall notify said commission* of that fact, *and said commission shall certify to the appointing officer* the name and address of the candidate standing highest upon the register for the class or grade to which said position belongs. . . . *The appointing officer shall notify said commission of each position to be filled separately, and shall fill such place by the appointment of the person certified to him by said commission therefor, which appointment shall be on probation for a period to be fixed by said rules.* . . . At or before the expiration of the period of probation, the head of the department or office in which a candidate is employed may, by and with the consent of said commission, discharge him, upon assigning in writing his reason therefor to said commission. If he is not then discharged, his appointment shall be deemed complete.'' (Italics ours.)

It will be noted that the foregoing section of the Civil Service Act for cities, which was in force and effect 8 years prior to the enactment of the act involved in this controversy, expressly provided for a probationary period of employment and conferred upon the civil service commission under its rule-making power the authority to fix the duration of such period. In formulating its rule as to a probationary period and the length thereof, the board in the instant case had before it for guidance said Civil Service Act for cities

providing for a probationary period and the rule adopted pursuant thereto by the Chicago civil service commission fixing said period at 6 months. Rule 106, in question here, violates no provision of the law and is strictly in keeping with the public policy of the State as reflected in the Civil Service Act, for cities passed prior to the enactment of the Board of Fire and Police Commissioners Act. Subsequent statutory enactments for civil service in park system (ch. 105, secs. 381–417, Ill. State Bar Stats. 1935 [Jones Ill. Stats. Ann. 23.081–23.117]) and for State Civil Service (ch. 126 A, Ill. State Bar Stats. 1935 [Jones Ill. Stats. Ann. 23.001 *et seq.*]), contain provisions for probationary periods and for their maximum duration. It must be conceded that Rule 106, adopted by the board of fire and police commissioners conforms to the policy and practice established in and by all other civil service enactments.

But it is urged that since the act under consideration does not expressly give the board the right to make probationary appointments and since the terms of the statute ''are clear and precise, its sense manifest, and its consequence not absurd or palpably unjust'' there can be no implication that said board had any right to make a rule providing for a probationary period or to make probationary appointments, and that it necessarily follows that plaintiff's appointment as fireman was permanent and that he could not lawfully be removed from said position except after a proper hearing on written charges. In our opinion it is sufficient answer to plaintiff's contention in this regard to state that in the light of the spirit and policy manifested in all the civil service enactments of the legislature, the broad powers conferred upon the board under section 5 of the act to make rules ''to carry out the purpose of this act, and for appointments and removals'' authorized said board to adopt Rule 106. Furthermore, since the act before us is ap-

plicable only to firemen and policemen, it may well be that because of the nature and character of their duties the legislature purposely refrained from restricting the board in its rule making power as to their appointment and removal except that the rules adopted concerning probationary appointments must be reasonable and fair. It cannot be said that Rule 106 is either unreasonable or unfair. Because of the very nature of the duties of firemen and policemen, in the performance of which the highest courage in dangerous situations is a prime requisite, we think the legislature must have intended that the ability to pass a written and physical examination should not be the final test. It is only through probationary appointments for a reasonable period, during which firemen and policemen may be observed in the actual performance of their duties in situations of danger, that their real worth and mettle may be tested. We are impelled to the conclusion that in enacting the Board of Fire and Police Commissioners Act, it was within the contemplation of the legislature that the board adopt reasonable rules as to probationary appointments.

It is next necessary to consider the circumstances under which plaintiff was appointed as well as the circumstances under which he was removed. There were only two possible legal methods by which plaintiff could be appointed under the act and the rules adopted pursuant thereto. His appointment could be by certification from the list to fill a regular position as fireman in the fire department of the village of Maywood, which presupposes a vacancy, or temporarily for a period not to exceed 60 days. Neither method was followed in the matter of plaintiff's appointment but the board unlawfully and in violation of the act and its own rules ordered his temporary appointment for a period of 90 days. As to such appointment, it was stipulated by the parties: "That said Richard C.

Betts, Jr., was appointed temporarily for a period of ninety days from June 15, 1936, to September 15, 1936, and during said period he was to take the place of other firemen who were absent from their duties during the summer vacation.'' By no construction, however strained, of the act of the board in appointing plaintiff, could it be held under the circumstances stated in the stipulation that plaintiff was certified as a probationary fireman to fill a regular position as fireman. Neither could it be held that he was given a temporary 60-day appointment as provided in the act, which, according to plaintiff, became permanent after said 60 days. Plaintiff's appointment being unlawful and unauthorized, he could have been summarily discharged at any time. Neither could such appointment serve to vest him with any right to permanent tenure nor could it deprive him of the right to the first place on the list that was his before said appointment. In other words, he was entitled after his discharge to be restored to first place on the list and his standing on same considered as if he had never been certified therefrom. While the record presented to this court fails to disclose just what relief was prayed for in plaintiff's petition for mandamus, the agreed statement of facts heretofore set forth contains the stipulation that ''Richard C. Betts, Jr., has requested repeatedly that he be reinstated either as a fireman or that he be placed on the register or list of the Board of Fire and Police Commissioners of men eligible for the Fire Department of the Village of Maywood. . . . This the Board has refused to do.'' and one of the questions of law certified to this court is: ''Should his name be replaced on the register list?'' By reason of the certification of the foregoing stipulation of facts and questions of law, we must assume that one of the material issues before the trial court was plaintiff's right to have his name ''replaced on the register list.'' If plaintiff's petition for mandamus did not include a

specific prayer that his name be restored to the eligible register for firemen, he should be allowed to include such a prayer by appropriate amendment.

For the reasons stated herein the judgment of the circuit court is affirmed in so far as it denied plaintiff's right to restoration to the position of fireman and to the payment of salary from the date of his discharge from said position but it is reversed in so far as it denied his right to be restored to his place on the eligible list of firemen, and the cause is remanded with directions that he be ordered restored to first place on the eligible list of firemen with his standing on same considered as if he had never been certified therefrom.

*Judgment affirmed in part, reversed in part and cause remanded with directions.*

Burke, P. J., and Friend, J., concur.