DANIEL R. W. DOYLE, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF SCHAUMBURG, Defendant-Appellee.

First District (3rd Division)    No. 76-1302

Opinion filed April 27, 1977.

Stanley H. Jakala, of Berwyn, for appellant.

Jack M. Siegel, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The plaintiff, Daniel R. W. Doyle, appeals from an order of the circuit court of Cook County dismissing his complaint against the defendant, Board of Fire and Police Commissioners of the Village of Schaumburg (hereinafter "the board"). The complaint in three counts sought administrative review, declaratory judgment, and mandamus. In effect, plaintiff, a probationary police officer, sought reappointment to that position or appointment as a regular patrolman. The board's motion to dismiss the complaint stated in pertinent part that plaintiff as a probationary police officer served at the board's pleasure; that his dismissal was within the board's discretion; and that as a probationary officer plaintiff under settled Illinois law could not complain of such

action. The facts as developed by the pleadings and attached exhibits are undisputed.

On December 4, 1974, plaintiff was appointed as a probationary police officer of the village. On January 7, 1976, the chairman of the board wrote plaintiff stating that the board was in receipt of several reports from supervising sergeants and shift commanders and of a letter from the chief of police requesting that plaintiff not be accepted as a regular patrolman. The letter further recited that the chairman had called a special meeting of the board for January 10 to discuss the reports and the chief's recommendation. The chairman requested that plaintiff attend the meeting. After the meeting on January 10, plaintiff was advised orally that his status as a probationary patrolman would not be terminated.

On January 16, 1976, the chairman of the board again wrote to plaintiff stating that the chief of police had advised the chairman that several misstatements and misrepresentations had been made at the meeting of . January 10. The letter went on to recite that the chief requested plaintiff's dismissal and had asked the chairman for an opportunity for his supervisors and him to comment to the board in the same manner as plaintiff had at the meeting of January 10. The letter stated that the chairman had arranged for an open meeting to be held on January 17 to grant the chief's request. Plaintiff was invited to attend if he wished.

On January 19, 1976, the board mailed plaintiff an order of discharge. The board stated that after hearing from plaintiff, the chief, and eight named police officers, it had decided that plaintiff had made misrepresentations and in fact had lied to it. The board went on to say that it concurred in the chief's request to dismiss plaintiff as a probationary patrolman, and ordered plaintiff dismissed effective January 18. In his complaint, plaintiff alleged that he was denied legal counsel and the right to confront his witnesses by cross-examination.

■■ Our supreme court has determined that a probationary police officer may be summarily dismissed without a hearing before discharge. (*Romanik v. Board of Fire & Police Commissioners* (1975), 61 Ill. 2d 422, 338 N.E.2d 397.) In *Romanik*, the court held that the provisions of section 10—2.1—17 of the Board of Fire and Police Commission Act (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17), which provides that no officer may be dismissed except for cause upon written charges and after an opportunity to be heard at a fair trial and impartial hearing, do not extend to probationary officers. Also see *People ex rel. Paczkowski v. Conlisk* (1976), 38 Ill. App. 3d 106, 347 N.E.2d 96.

■■ Plaintiff urges, however, that in the present case the board waived its right to dismiss him summarily by conducting what he characterizes as ' hearings before his discharge. We need not reach the issue of whether the placing of formal charges and conducting a formal hearing by a

board in connection with the discharge of a probationary police officer would vest rights in such an officer not recognized in *Romanik.* The simple answer to plaintiff's argument is that no formal charges were placed and no formal discharge hearing occurred in the present case. The correspondence from the chairman of the board and the two meetings of January 10 and 17 merely amounted to an effort by the board to learn facts before acting on the requests of plaintiff's superiors to discharge him. In our view, it is ludicrous to suggest that the board's conduct in meeting with plaintiff before making a final determination, acts which could only benefit the plaintiff, changes the rule enunciated in *Romanik.* Plaintiff concedes that, absent the meetings of January 10 and 17, he would have no complaint about the board's procedures in discharging him. We hold, therefore, that the board acted without impropriety, and that the trial court correctly dismissed plaintiff's complaint.

■■ The plaintiff's contention that he was deprived of his Federal constitutional rights by the board's procedures also is without merit. It is grounded on his erroneous supposition that the board's correspondence and meetings amounted to formal charges and hearings. Moreover, in *Bishop v. Wood* (1976), 426 U.S. 341, 48 L. Ed. 2d 684, 96 S. Ct. 2074, the supreme court held that a permanent police officer's employment status was not a property interest under the due process clause, and that the court will look to State law in order to determine whether or not there is a violation of constitutional rights when an employee is terminated without a hearing. As we have noted, in Illinois, a probationary officer has no right to a pretermination hearing. Also see *Board of Regents v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701.

Accordingly, the order of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Order affirmed.

JIGANTI and McGILLICUDDY, JJ., concur.