BARBARA SCHEELER, Plaintiff-Appellant, *v.* FIRE & POLICE COMMISSION
OF THE CITY OF CHILLICOTHE *et al.*, Defendants-Appellees.

Third District   No. 79-315

Opinion filed July 8, 1980.

Charles R. McGuire, of Peoria, for appellant.

Gary Nelson, of Heyl, Royster, Voelker & Allen, of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Barbara Scheeler was appointed to the position of police patrolman for the City of Chillicothe for a probationary period of 12 months beginning December 20, 1976. In October of 1977 while driving a patrol car on duty, plaintiff was involved in a two-car accident. The driver of the other car later charged that plaintiff participated in the falsification of an accident report showing the other driver to be at fault. The police department undertook an internal investigation, and because that investigation could not be completed before plaintiff's probationary period expired, the fire and police commission extended plaintiff's probation for an additional six months. When the investigation was completed the chief of police recommended her dismissal, and on February 25, 1978, she was discharged by the commission without a hearing.

Plaintiff filed this mandamus action seeking reinstatement on the ground that she was denied her right to a hearing upon written charges as guaranteed under section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—17), which provides in part:

"Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense."

Motions for summary judgment were filed by plaintiff and by defendants. Plaintiff's motion stated, *inter alia*, that the pertinent rule of the fire and police commission listed six reasons for dismissal during the probationary period or for having the probationary period extended for up to 6 months, and that she had never been charged with any of the listed causes. The rule provision in question appeared in the police department manual and provided as follows:

"k. [A recruit patrolman] may be suspended or dismissed from duty, during or at the termination of his probationary period or have his probationary period extended for up to six months for any of the following causes:

(1) Conduct unbecoming a police officer.

(2) Infraction of rules and regulations.

(3) Insubordination or the lack of amenability to discipline.

(4) Failure to satisfactorily meet the requirements of the police service, or to obtain passing grades, while in the basic police training course.

(5) Inability to learn police procedures and practices.

(6) Lack of physical and mental coordination."

The trial court found that plaintiff's probationary period had not been extended in accordance with paragraph (k) of the rules and, therefore, at

the time of her discharge, plaintiff was no longer on probation and was entitled to a hearing under the statute. The trial court entered summary judgment in favor of plaintiff and ordered her reinstatement.

Defendants filed a motion to reconsider, asserting that the rule relied upon by plaintiff was never adopted by the fire and police commission and was attached to defendants' motion for summary judgment in error. The rule actually in effect was adopted by the commission on July 31, 1974, as follows:

"All appointments to the Police and Fire Departments shall be for a period of twelve (12) Months which shall serve as a probation period during which time the appointee's work shall be evaluated and rated by his commanding Officers, and that the Commissioners shall have the right to extend the Probation Period longer if so desire [sic] with out amending the said Section and Article. These ratings shall be forwarded to the Mayor through this Board. Prior to the completion of the Probation Period the Chief of Police and Chief of Fire, with the approval of the Mayor, shall make written recommendations for the dismissal or rentention of the probationer, together with written comments by the superior officers under whom the probationer has served."

The trial court found that plaintiff's probationary period was properly extended. Accordingly the prior order was vacated, and summary judgment was entered in favor of defendants.

On appeal, plaintiff first contends that summary dismissal of probationary officers can occur only if the police commission has a rule which provides for summary dismissal, and here no such rule has been adopted. Plaintiff concludes that a rule is required because of a statement by our supreme court in *Romanik v. Board of Fire & Police Commissioners* (1975), 61 Ill. 2d 422, 338 N.E.2d 397, where a discharged probationary patrolman sought reinstatement on the ground that he had not been given notice and hearing as to the charges against him. The court ruled that Romanik was not entitled to reinstatement, and mentioned "that section 10—2.1—15 [of the Municipal Code] authorized the Board to adopt its rule providing for summary discharge of probationary police officers." (61 Ill. 2d 422, 425, 338 N.E.2d 397, 399.) Plaintiff insists that this statement should be construed as requiring a rule before summary dismissal is possible.

■■ Plaintiff's argument must fail. *Romanik* does not require a summary dismissal rule, but instead quite expressly holds that the rights to notice and hearing afforded by section 10—2.1—17 do not extend to probationary officers. (*People ex rel. Paczkowski v. Conlisk* (1976), 38 Ill. App. 3d 106, 347 N.E.2d 96.) While a rule governing summary discharge may be adopted, nothing in *Romanik* makes the adoption of a rule a

condition precedent to a summary dismissal. See *Doyle v. Board of Fire & Police Commissioners* (1977), 48 Ill. App. 3d 449, 363 N.E.2d 79, *cert. denied* (1978), 435 U.S. 970, 56 L. Ed. 2d 61, 98 S. Ct. 1609.

■■ Plaintiff also contends that summary judgment was not appropriate because there is a genuine issue of material fact as to what rule was in effect. We have carefully examined plaintiff's motion and affidavits filed in opposition to defendants' motion to reconsider. Plaintiff asserted that the July 31, 1974, rule was not made known in a timely fashion and was not produced in response to plaintiff's discovery motion, and, for those reasons, the motion to reconsider should be stricken. Plaintiff did not deny that the rule actually in effect was not paragraph (k) but was the paragraph adopted July 31, 1974. Thus, we conclude that there is no issue of fact, and we also note that plaintiff waived this point by failing to raise it in the trial court.

Another argument advanced by plaintiff is that defendants' attempt to extend her probation for an additional 6-month period was ineffective because defendants did not comply with paragraph (k) of the police procedure manual. If the extension was invalid, then plaintiff was a permanent officer and entitled to a hearing. This argument is based upon the theory that defendants, by their conduct, adopted the rules set out in the procedure manual when the letter of dismissal stated that she was being dismissed "for violation of Rules of Conduct 1, 4, 16 and 57." The "Rules of Conduct" make up the first section of the procedure manual followed by numerous general orders issued by the police chief, each with an effective date. The last section of the manual does not purport to be an order, has no title or effective date, and consists of seven pages listing duties of patrolmen and recruit patrolmen. Paragraph (k) is a part of the latter section.

■■ This issue can also be said to have been waived because it was not raised in the trial court. Even if we were to consider the merits of plaintiff's argument, the fact that the letter of dismissal made reference to one section of the procedure manual is hardly justification for saying that the commission must give effect to a totally different section when the latter section was in fact never adopted.

In the case of *Doyle v. Board of Fire & Police Commissioners* (1977), 48 Ill. App. 3d 449, 363 N.E.2d 79, *cert. denied* (1978), 435 U.S. 970, 56 L. Ed. 2d 61, 98 S. Ct. 1609, the discharged probationary police officer argued that the board had waived its right to dismiss him summarily by conducting two "hearings" before his discharge. The court observed that the Board did not in fact place formal charges or conduct a formal hearing but merely invited Doyle to attend two board meetings to discuss the police chief's unfavorable reports and recommendation. Such conduct did not change the general rule enunciated in *Romanik* that

probationary officers are not protected under section 10—2.1—17. Applying the *Doyle* ruling to the instant case, the fact that the board's letter of dismissal specified the areas of misconduct did not give plaintiff additional rights which she otherwise lacked.

Finally, plaintiff contends that the trial court abused its discretion in entertaining the motion to reconsider when defendants had failed to produce the correct rule in response to plaintiff's request to produce, which was filed six months prior to the motions for summary judgment. Plaintiff claims that sanctions should have been imposed for failure to provide the requested discovery. Supreme Court Rule 219 (Ill. Rev. Stat. 1977, ch. 110A, par. 219) authorizes the imposition of sanctions where there has been an unreasonable refusal to comply with discovery requests or orders.

■■ Whether sanctions are to be imposed rests within the sound discretion of the trial court; that discretion is broad, and its exercise will not be disturbed unless it appears to have been abused. (*Hearst v. City of Chicago* (1973), 9 Ill. App. 3d 1085, 293 N.E.2d 738.) We cannot say that the court's refusal to impose the requested sanction of striking the motion to reconsider was an abuse of discretion.

We affirm the judgment of the Circuit Court of Peoria County.

Affirmed.

STOUDER and BARRY, JJ., concur.