KENNETH E. HEERDEGEN, Plaintiff-Appellant, v. DONALD L. CUNDIFF, Indiv. and as Chief of Police of the Village of Hoffman Estates, Illinois, Police Department, *et al.*, Defendants-Appellees.

First District (3rd Division) No. 1—89—0403

Opinion filed April 18, 1990.

Stanley H. Jakala, of Berwyn, for appellant.

Richard N. Williams, of Hoffman Estates, for appellees.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Kenneth Heerdegen, appeals from an order of the circuit court upholding his dismissal by defendants, the Board of Fire and Police Commissioners of the Village of Hoffman Estates (Board) and Donald Cundiff, the chief of police of the Village of Hoffman Estates. Plaintiff argues that the court erred in finding that he was not entitled to a hearing prior to his discharge.

On July 3, 1986, plaintiff was hired as a police officer by the Village of Hoffman Estates (Village). At the time plaintiff was hired, a Village ordinance and the Board's rules and regulations provided that patrol officer appointees would be given a one-year probationary period, which could be extended by the Board for an additional term not to exceed six months.

On July 23, 1987, the Board discharged plaintiff from the Hoffman Estates police department without prior notice or a hearing.

Plaintiff filed suit against the Board, seeking reinstatement. Plaintiff alleged that at the time of his discharge, he had completed his probationary period and attained the rank of permanent patrol officer and, therefore, he could be discharged only for cause and only after a hearing.

Defendants filed a motion for summary judgment. In their motion, defendants pointed out that on May 18, 1987, the Village ordinance governing patrol officer appointees had been amended and that the new ordinance provided for an 18-month probationary period which could be extended by the Board for six additional months. Defendants contended that by amending the ordinance, the Board effectively exercised its authority to extend plaintiff's probationary period an additional six months and that as a result plaintiff was still

on probation at the time of his dismissal.

The trial court granted defendants' motion. The court agreed with defendants' contention that the amendment to the ordinance extended plaintiff's probationary period and held that as a probationary employee plaintiff was not entitled to a hearing prior to discharge.

In his appeal, plaintiff argues that the court erred in granting the Board's motion for summary judgment. Plaintiff argues that under this court's decision in *Kapsalis v. Board of Fire & Police Commissioners* (1986), 143 Ill. App. 3d 465, 493 N.E.2d 56, the new ordinance providing for an 18-month probationary period could not be applied retroactively unless the ordinance contained an express provision stating that it was to have a retroactive effect. Because there was no such provision, plaintiff contends that the new ordinance could not be applied to him.

Defendants argue that *Kapsalis* is inapplicable to the present case and that the court properly found that plaintiff was still on probation at the time of his discharge. Although we agree that *Kapsalis* is inapplicable, we find that the trial court erred in granting defendants' motion for summary judgment.

In *Kapsalis*, plaintiffs were hired by the Burbank, Illinois, police board in October 1982 when city rules provided for, at the most, a one-year probationary period. In March 1983 a new ordinance was passed providing for a two-year probationary period for new police officers. In December 1983 plaintiffs were discharged without prior written notice or a hearing. Plaintiffs filed suit, alleging that at the time of their discharge they had completed their probationary periods and had become permanent employees and, therefore, they could not be discharged without a hearing and without cause. The trial court entered judgment in plaintiffs' favor, and this court affirmed.

This court held that the March 1983 ordinance could not be given retroactive application absent a clear expression from the legislative body that such a result was intended. The court found that because the ordinance referred specifically to "new" officers, there was no basis for applying it retroactively.

As defendants point out, unlike *Kapsalis*, the Board in the present case possessed the authority to extend the one-year probationary period by an additional six months. Plaintiff does not dispute this fact, and the exercise of such authority has been upheld. (See *Scheeler v. Fire & Police Comm'n* (1980), 85 Ill. App. 3d 684, 407 N.E.2d 219.) Thus, the issue before us is not whether the new ordinance can be applied retroactively to change the probationary period of a previously hired employee, but whether the enactment of the

new ordinance served as an exercise of the Board's authority to extend the period. We do not believe that it did.

■ Initially we note that the new ordinance states only that original patrol officer appointees shall be on probation for 18 months and that the probationary period may be extended six months by the Board. Nothing in the ordinance indicates that it was intended to operate as an exercise of the Board's authority to extend the probationary terms of plaintiff and other previously hired officers.

In support of their claim that the enactment of the new ordinance was intended as an exercise of the Board's authority to extend the probationary period of previously hired officers, defendants rely on the minutes of a February 12, 1987, meeting of the fire and police commission, at which the chairman requested that the Village attorney be instructed to "draft the section to extend patrol officers [sic] probationary time to eighteen months." Defendants also rely on a letter dated July 24, 1987, from Chief of Police Donald Cundiff, stating that "per the rules of the Board of Fire and Police Commissioners, all recently appointed police officers will serve an eighteen month probationary period" and listing plaintiff as one of the officers affected by the extended probationary period. We do not find either of these items persuasive.

Like the ordinance itself, the statement in the minutes of the February 12 meeting gave no indication that it was the Board's intention to exercise its authority to extend the probationary period of previously hired employees from 12 months to 18 months. No reference is made in the statement to previously hired employees, and there is nothing that indicates any intent that the new section was to be applied to them. Thus, the statement provides no support for defendant's claims.

Turning to the letter from Cundiff, we note that it purports to be based on the rules of the Board; however, as we pointed out above, there is nothing in the rules that indicates that the Board intended to exercise its authority to extend the probationary period of current employees. Further, the letter is dated 21 days after plaintiff's probationary period was completed and one day after plaintiff was discharged. Accordingly, even if the letter could be considered as evidencing the Board's intent to exercise its authority to extend probationary periods by six months, it could not be considered effective as to plaintiff.

■ In conclusion, we find that the trial court erred in ruling that plaintiff was a probationary employee on July 23, 1987, and we reverse the order granting defendants' motion for summary judgment

and remand for further proceedings consistent with this opinion.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

RIZZI and FREEMAN, JJ., concur.