MICHAEL FERNANDES, Plaintiff-Appellant, v. JEREMY MARGOLIS, Defendant-Appellee.

Third District   No. 3—89—0170

Opinion filed July 27, 1990.

Jerry Serritella, of Peoria, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

Michael Fernandes, plaintiff, appeals from an order of the circuit court of Peoria County dismissing his complaint against defendant Jeremy Margolis, Director of the Department of State Police, for retaliatory discharge and for enforcement of his right to a hearing prior to termination of employment as a probationary trooper with the Department.

■■ Because this appeal is from a dismissal order, the allegations of the complaint must be considered true for purposes of the appeal. Plaintiff has alleged in count I that defendant is head of the Illinois Department of State Police, that plaintiff was hired by defendant as a police officer on June 15, 1986, that on May 27, 1987, defendant terminated plaintiff's employment after a four-month period when plaintiff was enforcing traffic laws by writing traffic tickets and warnings, that two different supervising officers warned plaintiff that he was writing too many tickets and warnings, that defendant has unlawfully

set limits on the number of citations a trooper should issue, and that plaintiff was terminated for issuing substantially more traffic citations than other officers. Under count I plaintiff sought back pay, an injunction requiring defendant to reinstate plaintiff, and damages of $15,000 for "humiliation, emotional distress and loss of reputation."

In count II plaintiff alleges that defendant has issued regulations to govern the discharge of a probationary officer in the State Police Field Training Program Manual. The manual provides for a review board to evaluate each probationary officer during the 15th week of field training and again during the 11th month of the probationary period to determine whether the officer should be advanced or should receive additional training or should not be retained. In the event the review board determines that the probationary trooper should not be retained, he is referred to the special board for action. Proceedings before the special board are spelled out, and the probationary officer shall have an opportunity to address the board.

In the case before us, the complaint alleges that plaintiff was denied his right to be evaluated by a review board and to address the special board and that this amounted to a denial of due process rights.

Defendant's motion to dismiss asserts that plaintiff was seeking relief against defendant in his official capacity, that such suits must be filed in the Court of Claims pursuant to section 1 of "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1987, ch. 127, par. 801), that plaintiff has filed a complaint with the Court of Claims, and that the circuit court lacks jurisdiction over the Department of State Police.

In announcing its decision, the trial court stated that the substance of the cause of action here is against the State of Illinois and that, applying the doctrine of sovereign immunity, the circuit court would not accept jurisdiction in this case.

Plaintiff contends that the circuit court erred in dismissing his complaint for want of jurisdiction, and we agree as to count II. The Court of Claims Act (Ill. Rev. Stat. 1987, ch. 37, pars. 439.8(a), (b)) vests exclusive jurisdiction in the Court of Claims over all tort and contract claims against the State and claims founded on administrative agency regulations.

Whether the State is the actual defendant depends not upon the formal identification of the parties but upon the issues involved and the relief sought. (*Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 470 N.E.2d 1029.) When the State will be directly and adversely affected, the suit is one against the State, but where the head of a State department has violated the State's Constitution or

laws, an action against that officer is not an action against the State. (*Sass v. Kramer* (1978), 72 Ill. 2d 485, 381 N.E.2d 975.) In other words, legal official acts of State officers are in effect acts of the State itself, but illegal acts performed by State officers are not, and such officers may be restrained by an action instituted by a citizen. *Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 475 N.E.2d 863.

In a recent case involving discharge of a probationary employee of the Department of Corrections, violations of administrative rules governing an employee's right to notice and hearings were held to be subject to remedy in the circuit court. In *Farmer v. McClure* (1988), 172 Ill. App. 3d 246, 526 N.E.2d 486, the court said:

"Violations of [administrative] rules are illegal and the shield of sovereign immunity does not protect such actions. A *mandamus* action to direct an official to perform an official duty properly can be brought in circuit court." 172 Ill. App. 3d at 254, 526 N.E.2d at 492.

These principles govern count II of the case before us. The cause of action against defendant is for failure to follow the termination procedures contained in the Field Training Program Manual of the Department of which defendant was the director. Plaintiff alleges that this manual contains regulations for the Department of State Police. Violations of such regulations in discharging a probationary officer are unlawful actions not immunized by the doctrine of sovereign immunity or by the Court of Claims Act.

Defendant argues that he has a statutory right to discharge a probationary officer at will pursuant to section 9 of "An Act in relation to the Department of State Police" (Ill. Rev. Stat. 1987, ch. 121, par. 307.9). That statute grants defendant's authority to discharge a probationary employee at will, but defendant has apparently directed that certain procedures shall be followed relating to those probationary officers who have reached the stage of field training. Having issued such regulations, whether directly or indirectly through his employees, defendant cannot violate his own regulations with impunity.

As to count I, which asserts a cause of action for retaliatory discharge, the parties have cited no cases ruling on the question of whether the Court of Claims has exclusive jurisdiction of such tort actions. However, we are aware of *Morton v. Hartigan* (1986), 145 Ill. App. 3d 417, 495 N.E.2d 1159, where the court held that the supervisors of a State employee, including the Attorney General, have a defense of absolute immunity from a claim for retaliatory discharge. Such an action can only be brought against the employer, the State of

Illinois. An action for wrongful discharge from State employment, even when, as here, seeking injunctive relief in addition to money damages, must be brought in the Court of Claims. (*Ellis v. Board of Governors of State Colleges & Universities* (1984), 102 Ill. 2d 387, 466 N.E.2d 202.) We hold that the dismissal of count I was not error and is affirmed.

■ As indicated above, we conclude that it was error to dismiss count II for lack of subject matter jurisdiction. Count II is, therefore, remanded to the circuit court for further proceedings.

Affirmed in part; reversed in part and remanded.

HEIPLE, P.J., and STOUDER, J., concur.