MICHAEL FERNANDES, Plaintiff-Appellee, v. SAM W. NOLEN *et al.*, as
Substitute Defendants for Jeremy Margolis, Defendants-Appellants.

Third District No. 3—91—0373

Opinion filed May 6, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellants.

Jerry Serritella, of Peoria, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal is from a summary judgment entered in the circuit court of Peoria County in favor of plaintiff Michael Fernandes, a probationary Illinois State Police officer, who had been terminated from his employment without a hearing. Defendants Sam W. Nolen and Terry Gainer are Directors of the Illinois State Police and successors to Jeremy Margolis, the original defendant.

According to the pleadings, motions, and affidavits in the record, plaintiff was dismissed during his probationary period as a State Police officer after approximately 11 months' employment. The first 16 weeks of State Police employment (Phase I) consist of training at the Police Academy and are followed by 14 weeks of field training (Phase II). The remainder of the probationary term (Phase III) involves more advanced field training including solo patrol and biweekly performance evaluation. Phases II and III are governed by the Field Training Manual, which outlines the field training and evaluation program for the Illinois Department of State Police. The Field Training Manual provides for a formal review and evaluation of each probationary officer during the 15th week of field training and again during the 11th month. If the review board determines that the officer should be terminated from the program, the officer is entitled to further review and a hearing before a special board.

Count II of plaintiff's complaint alleged that plaintiff was denied his right to be evaluated by a review board and that he was further denied his right to review and hearing before a special board. On appeal from a dismissal of the complaint, this court reversed and held that the Director was bound by the regulations contained in the Field

Training Manual granting plaintiff a right to review prior to termination. *Fernandes v. Margolis* (1990), 201 Ill. App. 3d 47.

Following remand, plaintiff filed a motion for summary judgment which asserted that the Field Training Manual governed all the training and discharge of probationary State troopers, that the Director was required to convene a special board as provided in the manual, and that failure to follow the Department's rules and regulations invalidated the attempt to discharge plaintiff. Plaintiff sought back pay and employment benefits from the date of the purported discharge, May 27, 1987.

The Director filed a reply to the motion for summary judgment accompanied by the affidavit of Captain Robert L. Crites. According to Crites, plaintiff was terminated following investigation of a complaint for "improper conduct," and his discharge "had nothing to do with the officer's performance in the Field Training Program *** so no hearing as to Field Training Performance was held." Crites also stated that plaintiff's discharge was based "upon his conduct on and off duty and violations of the Illinois State Police Policy and therefore no hearing was requested [by Director Jeremy Margolis] pursuant to the Field Training Operations Manual."

The Director argued in the trial court that probationary officers are subject to summary discharge as at-will employees for violation of State Police policies and procedures or official misconduct not related to field training. The trial court ruled to the contrary, finding that the Field Training Manual contained all the rules and regulations covering discharge of probationary officers, that the Director failed to give plaintiff a hearing before a special board as required by the field training and evaluation program, and that plaintiff was entitled to reinstatement and to back pay of $52,633 plus restoration of full seniority rights, pension benefits, and other employment rights.

■ Defendants Nolen and Gainer contend on appeal that the trial court erred in ruling that the Field Training Manual discharge procedures apply to off-duty conduct or official conduct not related to field training. They claim that the review and hearing procedures relate solely to the field performance evaluations as set forth in the manual. Defendants argue that when the dismissal is for any reason not related to field performance, the probationary officer is subject to immediate discharge, as would be any other "at will" employee, with no right to review of the discharge decision by a special board.

This argument has a fatal flaw. According to the Field Training Manual, during the first week of field training, the probationary officer is to be instructed about and evaluated as to the following:

"10. *Ethical conduct*:
  a. Public image
  b. Gratuities
  c. Personal behavior
  d. Non-enforcement of laws
  e. Off-duty conduct"

Thus, by the explicit terms of the Field Training Manual, personal behavior and off-duty conduct are elements of the officer's training and are items subject to evaluation. His personal conduct, both on duty and off duty, is a part of the qualifications for advancement from Phase II to Phase III and from Phase III to permanent employment. During the field training portion of plaintiff's training, he was entitled to the rights granted him as a part of the field training program.

Dismissals of probationary employees will not be upheld when they are denied the procedures afforded them by agency rules, and the mere fact plaintiff was a probationary employee does not give the Director of the State Police the authority to act outside his own rules. (*Farmer v. McClure* (1988), 172 Ill. App. 3d 246, 526 N.E.2d 486.) The attempt of Director Margolis to short-circuit the Department's discharge procedure impermissibly trammeled plaintiff's right to review and hearing. See *Lewis v. Hayes* (1987), 152 Ill. App. 3d 1020, 505 N.E.2d 408.

■ Defendants argue that the Field Training Manual provides that only the training review board can recommend discharge and that this action is the only means of invoking plaintiff's right to a hearing before a special board. Here termination of employment was initiated by the Director, not the review board. Defendants insist that, under these circumstances, plaintiff has no right to a special board hearing.

The result of this argument would be to allow the Director to circumvent the procedures of the Field Training Manual by discharging a probationary trooper without using the review board. Such an action is a violation of the employee's rights as set forth in the manual. Construing the Field Training Manual as a whole, we hold that a probationary officer is entitled to a special board hearing prior to discharge while he is in the field training program regardless of the specific reason for the discharge.

■ Defendants also argue that summary judgment was improperly given because there were controverted factual issues which should have been tried. It is noteworthy that defendants have never revealed the factual basis for the Director's decision to discharge plaintiff. The affidavit of Captain Crites, which defendants rely upon

as contradicting plaintiff's pleadings, is replete with conclusions and devoid of facts. Contrary to defendants' argument before this court that plaintiff's misconduct was "off duty," Crites states that it was both off duty and on duty. The manual provides that both on-duty and off-duty conduct are part of the officer's performance in determining his fitness for permanent employment.

Plaintiff has yet to discover what conduct of his was the basis for the misconduct charge. Defendants have not disclosed in the record of this case what plaintiff is supposed to have done that was the reason for his discharge. Silence on that vital element of the defense does not create a question of material fact. Summary judgment was proper in this case.

■ Finally, defendants claim that the trial court erred in providing reinstatement and back pay for plaintiff without ordering a hearing. (See *Sye v. Wood Dale Fire Protection District No. 1* (1976), 43 Ill. App. 3d 48, 356 N.E.2d 398.) Plaintiff claims he was never discharged and is entitled to resume his probationary employment with full pay and benefits. We have held that the Field Training Manual governs plaintiff's discharge. The manual provides that once a probationary trooper has been recommended for discharge, he or she is to be relieved of duty with pay pending a hearing before the special board. This provision for a suspension from duties is obviously in the interest of the public welfare while the provision for full pay pending a hearing should insure prompt resolution of the case. Here it did not.

We conclude that plaintiff is entitled to back pay and employment benefits but, considering the public interest in being assured of law enforcement officers of integrity and good repute, he should not resume his duties until he has either had the recommendation for discharge rescinded or been given a hearing on the specific reasons for his termination.

In summary, we affirm the ruling of the trial court that the Field Training Manual procedures apply to plaintiff's termination and that plaintiff is entitled to back pay and employment benefits. We reverse the order directing his reinstatement and remand this cause for the hearing which plaintiff has been seeking for nearly five years.

Affirmed in part; reversed in part and remanded.

STOUDER and GORMAN, JJ., concur.