MARK FAUSTRUM, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF WAUCONDA *et al.*, Defendants-Appellees.

Second District   No. 2—92—0495

Opinion filed February 5, 1993.

Stanley H. Jakala, of Berwyn, for appellant.

John C. Broihier, of DiLeonardi & Associates, Ltd., of Des Plaines, for appellees.

JUSTICE DOYLE delivered the opinion of the court:

The plaintiff, Mark Faustrum, appeals the trial court's dismissal, with prejudice, of his complaint against the defendants, Board of Fire and Police Commissioners of the Village of Wauconda, Illinois (the Board), and B.J. Goodyear, chief of police of the Village of Wauconda. The Board had terminated the plaintiff's employment with the

Wauconda police department. The plaintiff, who was a probationary officer, claimed that he was entitled to notice and a hearing prior to his discharge.

On May 24, 1990, while he was a student at the Police Training Institute (the Institute), the plaintiff allegedly engaged in misconduct involving the improper use of a firearm. On June 5, 1990, the director of the Institute heard testimony from the plaintiff and reviewed statements from witnesses to the alleged misconduct. The director found the plaintiff guilty of misconduct, and the plaintiff was removed from the training course. On June 8, 1990, the Board terminated the plaintiff's employment for failing to complete the training course and for failing to meet "the expectations of the Village of Wauconda." The Board itself never held a hearing but relied on reports from the director of the Institute and the defendant B.J. Goodyear, the Chief of the Wauconda police department.

On July 1, 1990, the plaintiff filed a three-count complaint in the circuit court alleging that he was entitled to a pretermination notice and hearing before the Board. According to the plaintiff, the Board violated his right to due process by denying him a pretermination notice and hearing. The plaintiff requested that the trial court review the administrative decision of the Board, declare that the plaintiff had a right to a pretermination notice and hearing and reverse the decision of the Board to discharge him from the police department.

The defendants moved to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). On February 4, 1991, the trial court dismissed all three counts of the plaintiff's complaint, without prejudice. The trial court found that the plaintiff had failed to state a claim against the Board, but it directed that the plaintiff could refile its claim against the defendant Goodyear. The plaintiff appealed. We dismissed the plaintiff's appeal on November 18, 1991, on the ground that the plaintiff had not appealed from a final, appealable order. (*Faustrum v. Board of Fire & Police Commissioners of the Village of Wauconda* (2d Dist. 1991), No. 2—91—0252 (unpublished order under Supreme Court Rule 23).) On March 24, 1992, the trial court entered an order dismissing the plaintiff's claim with prejudice. The plaintiff now appeals the March 24, 1992, order. We have jurisdiction to consider the plaintiff's appeal, and we affirm.

■ Before it deprives an individual of liberty or property, a governmental agency such as the Board must provide that individual with the procedural due process guaranteed by the fourteenth amendment. (*Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 569,

33 L. Ed. 2d 548, 556, 92 S. Ct. 2701, 2705; *Daleanes v. Board of Education of Benjamin Elementary School District 25* (1983), 120 Ill. App. 3d 505, 517.) A person has a property interest in his job where he has a legitimate expectation of continued employment (*Fumarolo v. Chicago Board of Education* (1990), 142 Ill. 2d 54, 107) based on a legitimate claim of entitlement. (*Roth,* 408 U.S. at 577, 33 L. Ed. 2d at 561, 92 S. Ct. at 2709; *Caauwe v. Police Pension Board* (1991), 216 Ill. App. 3d 313, 318.) In order to show that he has a legitimate expectation of continued employment with the Wauconda police department which would entitle him to pretermination notice and a hearing before the Board, the plaintiff must point to a specific ordinance, State law, contract or understanding limiting the ability of the Board to discharge him. See *Bishop v. Wood* (1976), 426 U.S. 341, 344, 48 L. Ed. 2d 684, 690, 96 S. Ct. 2074, 2077; *Sullivan v. Board of Fire & Police Commissioners* (1981), 103 Ill. App. 3d 167, 171.

The Board has the authority to hire and fire Wauconda police officers pursuant to the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1991, ch. 24, par. 10—2.1—1 *et seq.*). Section 10—2.1—17 of the Code provides in relevant part:

> "[N]o officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense." (Ill. Rev. Stat. 1991, ch. 24, par. 10—2.1—17.)

There is no dispute that section 10—2.1—17 provides police officers with property interests in their jobs. According to the Illinois Supreme Court, however, section 10—2.1—17 does not apply to probationary officers. *Romanik v. Board of Fire & Police Commissioners* (1975), 61 Ill. 2d 422, 425.

The plaintiff admits that because he was a probationary officer, he derived no property rights from section 10—2.1—17. However, the plaintiff correctly points out that a municipality may provide greater protection to probationary officers than that provided by section 10—2.1—17. For example, a municipal ordinance establishing procedural requirements for termination of probationary employees will create an entitlement. (*Lewis v. Hayes* (1987), 152 Ill. App. 3d 1020, 1024.) The plaintiff claims that the regulations of the Wauconda police department create such an entitlement. In particular, he identifies subparagraph (M) of the regulations regarding department discipline, which provides:

> "Recourse of Aggrieved Sworn Members: Any Department member who feels aggrieved as a result of disciplinary action

may apply, within twenty four (24) hours after notification of such action, for a hearing before the [Board]."

Subparagraph (L) identifies dismissal from the service as a possible disciplinary action. The plaintiff also points to subparagraphs (F) through (K), which delineate specific procedures for disciplining officers. The plaintiff argues that because these police department rules draw no distinction between probationary and nonprobationary department members, they provided him, as a probationary police officer, with the right to a hearing.

The trial court dismissed the plaintiff's complaint based on the court's conclusion that the police department regulations did not bind the Board. The trial court reasoned that because the police department and the Board are separate entities, and because the Board, not the police department, actually discharged the plaintiff, the Wauconda police department's rules did not apply.

Prior to the hearing on the defendant's motion to dismiss, the plaintiff had provided the trial court with portions of the rules and regulations of the Wauconda police department, including the portions cited above concerning department discipline. The trial judge stated at the hearing that in order to determine whether these rules provided the plaintiff with a property right, he would have to review all of the rules and regulations pertaining to employees of the Wauconda police department. The record establishes that the trial court based its decision on the entire set of the rules and regulations. However, the record on appeal contains only the portion of the rules and regulations that the plaintiff initially supplied to the trial court. Although section 8—1002 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 8—1002) requires that we take judicial notice of municipal ordinances, it does not require us to take judicial notice of ordinances that we do not have before us and to which we do not have access. (*Carrillo v. Hamling* (1990), 198 Ill. App. 3d 758, 763; *Thiede v. Tambone* (1990), 196 Ill. App. 3d 253, 258.) The plaintiff was obligated to supply this court with the full text of the rules pertaining to the Wauconda police department and because he has failed to do so, the record is incomplete.

■ In the absence of a complete record, we will assume that the trial court based its finding on sufficient facts. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 392; *In re Marriage of Cepek* (1992), 230 Ill. App. 3d 1045, 1046; *Salazar v. Wiley Sanders Trucking Co.* (1991), 216 Ill. App. 3d 863, 868.) Nothing in the portion of the regulations the plaintiff has provided to us negates the trial court's finding that the police department's rules do not bind the Board.

Furthermore, we conclude that even if the Board was obligated to follow the disciplinary regulations of the Wauconda police department, those regulations did not entitle the plaintiff to a pretermination notice or hearing. The regulations merely refer to "members" and "employees." They neither specifically exclude nor specifically include probationary officers. The defendants point out that section 10—2.1—17, which *Romanik* held did not apply to probationary employees, also refers to "officers" and "members" and does not specifically exclude probationary officers.

In *Lewis*, the court found that the plaintiff had a protectable property interest in his employment as a probationary police officer. (*Lewis*, 152 Ill. App. 3d at 1024.) In that case, however, the municipality had enacted rules which specifically prescribed certain procedures for the removal of probationary employees. (*Lewis*, 152 Ill. App. 3d at 1024.) Similarly, where the State Police Field Training Manual provided for a formal review and evaluation prior to the termination of probationary officers, the plaintiff had a property interest in his continued employment as a probationary officer with the Illinois State Police. (*Fernandes v. Nolen* (1992), 228 Ill. App. 3d 424, 427.) We refuse to limit the discretion of the Board to discharge probationary officers absent a similar clear policy statement in the Board's regulations.

The plaintiff analogizes his situation to that in *Duldulao v. St. Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482. In *Duldulao*, the court held that although the plaintiff was an at-will employee, her employer could be bound by provisions in its employee manual which prescribed procedures for the discharge of employees. (*Duldulao*, 115 Ill. 2d at 490.) We recognize that municipal fire and police boards are obligated to follow their own rules regarding the discharge of probationary officers. (See *Farmer v. McClure* (1988), 172 Ill. App. 3d 246, 255.) *Duldulao*, however, held that the presumption of at-will employment will not be overcome unless the language in the employer's policy statement "contain[s] a promise clear enough that an employee would reasonably believe" that the employer has offered to provide him with pretermination procedures. *Duldulao*, 115 Ill. 2d at 490; see also *Spann v. Springfield Clinic* (1991), 217 Ill. App. 3d 419, 424 (policy statement not clear enough to constitute a promise to the employee); *Anders v. Mobil Chemical Co.* (1990), 201 Ill. App. 3d 1088, 1096 (disclaimer in policy handbook negated any obligation on the part of employer to follow procedures in handbook); *Boulay v. Impell Corp.* (7th Cir. 1991), 939 F.2d 480, 482 (under Illinois law, sug-

gestive rather than mandatory language in employment manual does not constitute promise to modify at-will employment relationship).

As *Duldulao* requires that employee manuals contain a clear statement before they will be held to modify an at-will employment relationship, *Romanik* requires municipalities to make a clear statement before they will be held to have altered the at-will status of probationary police officers. The policy underlying *Romanik* is that a probationer's supervisors should have the unfettered discretion to determine whether such probationer is fit to be a police officer. (*Brzana v. Martin* (1991), 211 Ill. App. 3d 415, 421.) As our supreme court recognized:

> "The science of testing cannot indicate how a person will react under situations of unmonitored trust, grave responsibility, or severe stress. Nor can it warn of such characteristics as rudeness, insubordination, arrogance, laziness, carelessness, dishonesty, or malice." (*Romanik*, 61 Ill. 2d at 425.)

In the absence of a clear statement to the contrary in its regulations, therefore, we hold that the Board could lawfully discharge the plaintiff, a probationary employee, without a pretermination notice or hearing.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

WOODWARD and GEIGER, JJ., concur.