March 18, 1999

No. 2--98--0161

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

RUSSELL J. ERTL, ) Appeal from the Circuit Court

) of De Kalb County.

Plaintiff-Appellant, )

)

v. )

) No. 97--MR--13

THE CITY OF DE KALB, THE BOARD )

OF FIRE AND POLICE )

COMMISSIONERS, and PETER S. )

POLAREK, Fire Chief for the )

De Kalb Fire Department, ) Honorable

) John W. Countryman,

Defendants-Appellees. ) Judge, Presiding.

________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Russell Ertl, appeals from the trial court's judgment dismissing count I (breach of contract) of his complaint and awarding him damages on count III (violation of the rules and regulations of the Board of Fire and Police Commissioners).  Plaintiff asserts that the trial court (1) erred in finding that the collective bargaining agreement did not prevent plaintiff from being fired without cause; and (2) awarded insufficient damages on count III.  We reverse and remand.

On October 10, 1995, defendant Board of Fire and Police Commissioners (Board) hired plaintiff as a firefighter for defendant City of De Kalb (City).  Defendant Peter Polarek is the chief of the City's fire department.  On April 17, 1996, plaintiff was arrested and charged with unlawful use of weapons (720 ILCS 5/24--1(a)(4) (West 1996)) and disorderly conduct (720 ILCS 5/26--

1(a)(1) (West 1996)).  See 
People v. Ertl, 
292 Ill. App. 3d 863 (1997).  On April 19, the City terminated plaintiff's employment without explanation.  On May 9, Polarek notified the Board of plaintiff's firing, explaining that plaintiff had been arrested for violating state laws and that the day after his arrest he failed to report for duty at his assigned time.  The Board refused to conduct a hearing or grant plaintiff any relief.

Subsequently, plaintiff filed a three-count complaint.  Count I alleges that the City had breached its contract with plaintiff, count II alleges a statutory violation (see 65 ILCS 5/10--2.1--17 (West 1996)), and count III alleges that the Board had violated its rules and regulations.  Pursuant to section 2--619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 1996)), the trial court dismissed counts I and II.  Following a stipulation of facts, the trial court awarded plaintiff $1,928.31 in back pay.  Plaintiff filed a timely notice of appeal.  Although plaintiff's notice of appeal states that he is appealing the dismissal of counts I and II and the damage award for count III, on appeal, he does not challenge the trial court's dismissal of count II.  Thus, we do not review the propriety of that dismissal.

Before a governmental agency deprives an individual of liberty or property, it "must provide that individual with the procedural due process guaranteed by the fourteenth amendment."  
Faustrum v. Board of Fire & Police Commissioners,  
240 Ill. App. 3d 947, 948 (1993).  A person has a property interest in his job if he "has a legitimate expectation of continued employment."  
Faustrum, 
240 Ill. App. 3d at 949.  To show that he has a legitimate expectation of continued employment, a plaintiff "must point to a specific ordinance, State law, contract or understanding limiting the ability of the Board to discharge him."  
Faustrum, 
240 Ill. App. 3d at 949.  Section 10--2.1--17 of the Illinois Municipal Code (65 ILCS 5/10--2.1--17 (West 1996)) provides firefighters with a property interest in their jobs.  However, section 10--2.1--17 does not apply to probationary employees.  
Romanik v. Board of Fire & Police Commissioners, 
61 Ill. 2d 422, 425 (1975).  Plaintiff admits that he was a probationary employee.  Therefore, section 10--2.1--

17 accords him no relief.  However, a municipality may afford greater protection to probationary employees than is found in section 10--2.1--17.  
Faustrum, 
240 Ill. App. 3d at 949.  Plaintiff claims that the collective bargaining agreement establishes the greater protections and provides him with a property interest in his job.

Plaintiff relies upon articles IV and XXXI of the collective bargaining agreement.  Article 
IV provides, in pertinent part:

"All new employees of the Fire Department except the Fire Chief and Assistant Fire Chief shall serve a probationary period of fifteen (15) months and shall have no seniority rights under this agreement and 
may be terminated by the Fire Department without recourse to the grievance procedure, but shall be subject to all other provisions of this agreement."

(Emphasis added.)

Article XXXI governs discipline and provides, in pertinent part, that "[t]he Employer agrees that employees may be disciplined and  discharged only for cause."

Plaintiff argues that the plain language of article IV provides that, with the exception of the grievance procedures, all provisions of the agreement apply to probationary employees.  The grievance procedures are found in article XXII and are wholly different from the discipline procedures found in article XXXI.  Therefore, plaintiff concludes, the trial court erred in concluding that plaintiff lacked a legitimate expectation of continued employment and in dismissing plaintiff's breach of contract claim.

Defendants argue that, because article XXXI neither specifically includes nor excludes probationary officers, probationary officers have no legitimate expectation of continued employment.  Defendants also assert that, because article XXXI specifically adopts section 10--2.1--17 and because 10--2.1--17 does not apply to probationary employees, the disciplinary procedures found in article XXXI do not apply.

Because the trial court dismissed plaintiff's claim pursuant to section 2--619, we review the court's judgment 
de novo.  Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 
156 Ill. 2d 112, 116 (1993).  To determine if plaintiff has a cause of action, we must interpret the language of the collective bargaining agreement.  When interpreting a contract, we must interpret it in accordance with the plain and obvious meaning of the words used.  
USG Interiors, Inc. v. Commercial & Architectural Products, Inc.,   
241 Ill. App. 3d 944, 948 (1993).

Here, at best, the plain and obvious meaning of article IV is that, except for the grievance procedures, all of the provisions in the collective bargaining agreement apply to probationary employees.  At worst, the grievance procedures preclusion only applies to issues regarding seniority.  This conclusion is further supported by the fact that article XXXI specifically states that the disciplinary procedures apply to "employees."  The collective bargaining agreement defines employees as "[a]ll active full time employees of the Fire Department who hold certificates of appointment by the Board of Fire and Police Commissioners ***."  Plaintiff asserts that he was an active full-time employee who held a certificate of appointment.  Therefore, the plain language of the collective bargaining agreement clearly demonstrates that the disciplinary procedures in article XXXI apply to plaintiff.

Defendants contend that, because article XXXI neither specifically includes nor excludes probationary officers, probationary officers are not included.  Defendant's argument is wrong for two reasons.  First, article XXXI states that it applies to "employees."  The parties have specifically agreed that the term "employees" includes "
[a]ll 
active full time employees *** who hold certificates of appointment ***."  (Emphasis added).  By choosing to define the operative term and defining it in such a way that all employees are included, the parties must abide by their definition of the term employee.  According to the contract between the parties, if plaintiff is an active full-time employee and if he holds a certificate of appointment, then he is an employee.  If he is an employee, then the disciplinary procedures in article XXXI apply to him.

Second, article IV, which relates solely to probationary employees, specifically states that all provisions in the contract, except the grievance procedures, apply to probationary employees.  Given these provisions, we fail to understand how defendants can assert that the collective bargaining agreement does not specifically include probationary employees in the disciplinary procedures.

Defendants next argue that, because article XXXI specifically adopts section 10--2.1--17 and because 10--2.1--17 does not apply to probationary employees, the disciplinary procedures found in article XXXI do not apply.  Defendant's interpretation misconstrues the provisions in article XXXI.  The references in article XXXI to section 10--2.1--17 provide only that procedures before the board shall be in accordance with the procedures set forth in section 10-

-2.1--17.  The references in no way state or imply that the disciplinary procedures are limited to those persons normally protected by section 10--2.1--17.  In fact, section E of article XXXI states the opposite.  Section E provides:

"This Article is intended to control as to all matters relating to discipline and the Board of Fire and Police Commissioners authority under 65 ILCS 5/10--2.1--17 
shall be exercised subject to the provisions of this Article.   
As to the Board's authority under all other provisions of 65 ILCS 5/2.1--1 
et seq., 
not relating to discipline, this Agreement is not intended nor shall it modify any such other provisions and as to any conflict herein with said Act, the Act shall be controlling.  (Emphasis added.)

The plain language of this section clearly demonstrates that, with respect to discipline, article XXXI controls over the contrary provisions of section 10--2.1--17.  Therefore, we are unable to conclude that, by incorporating the procedures of section 10--2.1--

17, the parties intended to annul the clear language found in the contract that specifically applies the disciplinary procedures to probationary employees.

The at-will status of a probationary employee is altered if the municipality makes a clear statement indicating that it has altered the status.  
Faustrum, 
240 Ill. App. 3d at 952.  Here, the collective bargaining agreement's definition of employee and its statement that all provisions of the agreement, exclusive of seniority rights, apply to probationary employees provide that clear statement and give plaintiff a cognizable property interest in his job.  Article IV of the general employment agreement states that the probationary employees “shall have no seniority rights under this agreement and may be terminated by the Fire Department without recourse to the grievance procedure, 
but shall be subject to all other provisions of this agreement.”  
(Emphasis added.)  Consequently, the trial court erred in dismissing count I of plaintiff's complaint.

Plaintiff next argues that the trial court awarded him insufficient damages on count III.  Count III is based on the fact that the Rules and Regulations of the Board of Fire and Police Commissioners provides that a probationary employee cannot be
 
discharged "until the Department Head has notified the Board in
 
writing of the unsatisfactory performance constituting grounds for dismissal."  Probationary Appointment, Section 11(C), Rules and Regulations of the Board of Fire and Police Commissioners, City of De Kalb, State of Illinois.  The trial court awarded damages to plaintiff for the time from April 19, when plaintiff was discharged without explanation, until May 9, when Polarek notified the Board of the reasons for plaintiff's discharge.  Plaintiff argues that, because the Board did not discharge him after it received Polarek's letter, he has never been properly fired.  Therefore, plaintiff concludes, he should be reinstated and awarded back pay until the Board discharges him in accordance with its rules and regulations.

Relying upon two distinguishable cases, 
Landmarks Preservation Council v. City of Chicago, 
125 Ill. 2d 164 (1988), and 
Illinois Gasoline Dealer's Ass'n v. City of Chicago, 
119 Ill. 2d 391 (1988), defendants argue that a municipality's failure to follow an internal rule does not invalidate the action unless the municipality has violated a statutory or constitutional provision.

In both of the cited cases, the municipality was performing legislative functions authorized by the home rule provisions of the Illinois Constitution.  See 
Landmarks Preservation Council, 
125 Ill. 2d at 180; 
Gas Dealers Ass'n, 
119 Ill. 2d at 404.  That situation is substantially different from the one present here where plaintiff is challenging an administrative action taken by a board that exists solely pursuant to the General Assembly's delegation of authority.  See 
Landmarks Preservation Council, 
125 Ill. 2d at 180-81 (discussing the significance of the fact that the challenged action was legislative rather than administrative).

While plaintiff's claims may be cognizable, defendants properly note, however, that an administrative agency's failure to follow its rules is not actionable unless the failure prejudiced the plaintiff.  
Schinkel v. Board of Fire & Police Commission, 
262 Ill. App. 3d 310, 318 (1994).

The problem for defendants is that, by awarding damages, the trial court has already implicitly found that the Board's failure to follow its rules and regulations prejudiced plaintiff.  Further, by not filing a cross-appeal, defendants have waived our review of whether the trial court properly awarded plaintiff damages.  
Reda v. Otero, 
251 Ill. App. 3d 666, 674 (1993), 
overruled on other grounds 
by 
Paris v. Feder, 
179 Ill. 2d 173 (1997).  Given the trial court's necessarily implicit finding of prejudice and defendants' failure to explain how plaintiff has not been prejudiced, we must agree with plaintiff that he should be reinstated until such time, if ever, that he is properly discharged.  Further, upon remand, the trial court shall determine what additional damages, if any, should be awarded to plaintiff for count III. 

The judgment of the circuit court of De Kalb County is reversed in part, and the cause is remanded for the reinstatement of count I, plaintiff's reinstatement as a firefighter, the awarding of any additional damages that may be appropriate, and for further proceedings consistent with this opinion. 

Reversed in part and remanded with directions.

COLWELL and THOMAS, JJ., concur.